UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**CST PERFORMANCE PRODUCTS CORP.**     *     **CIVIL ACTION NO. 14-0105**

**VERSUS**     *     **JUDGE DOHERTY**

**ESP PETROCHEMICALS, INC.**     *     **MAGISTRATE JUDGE HILL**

<u>**REPORT AND RECOMMENDATION**</u>
<u>**ON MOTION FOR DEFAULT JUDGMENT**</u>

Pending before the undersigned for report and recommendation is the Motion for Default Judgment filed by plaintiff, CST Performance Products Corp. ("CST"), on March 12, 2015 [rec. doc. 13].  No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, it is recommended that the motion be **GRANTED**.

<u>Background</u>

CST brought this suit on open account and for breach of contract and unjust enrichment/*quantum meruit* seeking judgment against defendant, ESP Petrochemicals, Inc. ("ESP"), in the amount of two hundred seventy-four thousand eight hundred forty-seven and 15/100 ($274,847.15) dollars (the "invoice amount"), together with legal

---

[1] LR 7.5W provides that opposition shall be filed within twenty-one (21) days after service of the motion.

interest from judicial judgment until paid, and for reasonable attorney's fees and costs of these proceedings.

CST is a Texas corporation doing business in the State of Louisiana, having its principal place of business in Conroe, Texas. ESP is a Louisiana corporation doing business in the State of Louisiana.

Between January and April, 2013, CST sold and delivered merchandise, including drums and totes, to ESP. [Complaint, ¶ 5; rec. doc. 13, Exhibit A-1]. ESP entered into a Repayment Agreement with CST in April, 2014, to pay the sum of $274,847.15. [rec. doc. 13, Exhibit A-2, "Repayment Agreement")]. The Repayment Agreement provides that ESP would incur a 10% late fee for any payment overdue by more than 10 days after the due date, and five percent (5%) interest and late fees from the original invoice date, plus current and future attorneys' fees and costs. [Repayment Agreement, ¶¶ 1.3, 2.1].

By email sent on September 26, 2013, CST made demand on ESP for the amount owed. [Complaint, ¶ 8]. Since October, 2013, CST, through its national counsel, William T.J. Salerno ("Salerno"), made numerous attempts to collect the debt from ESP. [rec. doc. 13, Exhibit B, Salerno Affidavit, ¶ 2].

Because more than 15 days elapsed since the mailing of the demand, ESP became liable to CST for reasonable attorney's fees and costs pursuant to the Repayment Agreement. [Complaint, ¶ 8]. As of the filing of the Motion for Default Judgment, Salerno's law firm generated $13,145.00 in attorney's fees. [rec. doc. 13, Salerno Affidavit, ¶ 5]. CST's local counsel, Michael D. Fisse ("Fisse"), incurred fees in the

amount of $6,367.50, in the prosecution of this action.  [rec. doc. 13, Exhibit C, Fisse Affidavit, ¶ 7].

Since the filing on this lawsuit on January 22, 2014, ESP has made partial payments to CST in the amount of $45,900.00, thereby reducing the principal invoiced sum now owed to CST to $228,947.15.  [rec. doc. 13, Exhibit A, Affidavit of Robert R. Webber, CST Controller ("Webber Affidavit"), ¶ 7].

On January 22, 2014, CST brought this lawsuit against ESP asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ESP did not file an answer or other responsive pleading.  On July 8, 2014, the Clerk of Court entered a default against ESP.  [rec. doc. 9].

On March 12, 2015, CST filed the instant motion for default judgment.  [rec. doc. 13].  To date, ESP has not filed a response.

## Law and Analysis

Rule 55 of the Federal Rules of Civil Procedure provides as follows:

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
> ***
> **(2) *By the Court***. In all other cases, the party must apply to the court for a default judgment. ...  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make

referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

Here, CST invoiced ESP $274,847.15 for merchandise ordered and delivered. After ESP failed to pay the invoice, CST filed suit. Since the filing of this action, ESP has made partial payments in the amount of $45,900.00, thereby reducing the debt to $228,947.15. [Webber Affidavit, ¶ 7].

CST has submitted the requisite evidence supporting its claim for merchandise costs. ESP has had more than ample opportunity to pay this invoice, but has neither paid it nor responded to this lawsuit. Accordingly, I find that a default judgment should be entered.

I have reviewed the affidavits attached to the Motion and I find the attorney fees to be reasonable.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion for default judgment be **GRANTED**, and that CST be entitled the sum of $228,947.15, plus pre-judgment interest at the rate of 5% per annum from the date of judicial demand (January 22, 2014) until the date of Judgment, plus attorney's fees in the amount of $19,512.50, plus post-judgment

interest at the rate set forth in 28 U.S.C. § 1961 from the date of Judgment until paid, as well as all costs of these proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

April 14, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE